**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAITLYN DEVINE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:25-cv-11953 |
| | ) | |
| v. | ) | |
| | ) | |
| TONY'S FINER FOODS ENTERPRISES, | ) | |
| LLC D/B/A/ TONY'S FRESH MARKET, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

---

**COMPLAINT**

Plaintiff, Kaitlyn Devine ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Tony's Finer Foods Enterprises, LLC d/b/a/ Tony's Fresh Market ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's sex and pregnancy-based discrimination, sex and pregnancy-based harassment, and retaliation for engaging in a protected activity in violation of Title VII and the IHRA.

2. This lawsuit further arises under the Americans with Disabilities Act of 1990, as amended ("ADA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

3. This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, as Title VII, the ADA, and the PWFA are federal statutes.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. Counts II and IV have pendent and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent have occurred or been complied with.

8. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10. Plaintiff received a Notice of Dismissal from the IDHR (attached hereto as Exhibit "C").

11. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue and the IDHR Notice of Dismissal.

**PARTIES**

12.     Plaintiff, Kaitlyn Devine, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

13.     Defendant, Tony's Finer Foods Enterprises, LLC d/b/a/ Tony's Fresh Market, whose address is 3607 W Fullerton Ave, Chicago IL 60647-2318, is a corporation specializing in retail grocery that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

14.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

15.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII and the ADA, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

16.     Plaintiff, a pregnant, disabled female, was employed by Defendant as a Cashier from in or around March 2025 until June 13, 2025.

17.     Plaintiff suffers from a physical impairment, specifically a high-risk pregnancy, that substantially limits major life activities, specifically, the functioning of her reproductive system, walking, standing, lifting, working, and caring for oneself.

18.     On or about June 4, 2025, Plaintiff was diagnosed with a high-risk pregnancy with concern for preterm labor.

19.     Regardless of this newly diagnosed disability, Plaintiff was qualified and able to perform the essential functions of her job with or without accommodation.

3

20. Thus, Plaintiff is a qualified individual with a disability within the meaning of the ADA.

21. Plaintiff is also a member of a protected class based on her sex (female) and pregnancy.

22. Throughout her employment, since at least March 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected classes and has been subjected to a hostile work environment on the basis of disability, pregnancy, and sex, violating Title VII and the ADA.

23. Throughout their employment, Plaintiff was treated less favorably than similarly situated employees who were not within Plaintiff's protected classes.

24. Following Plaintiff's diagnosis of a high risk pregnancy, Plaintiff's doctor provided her with formal written documentation requesting accommodations. These accommodations included:

- not lifting over 10 pounds,
- the ability to sit in a chair while working as a cashier,
- and the ability to take appropriate breaks.

25. The requested accommodations were reasonable and would not have placed an undue burden on Defendant.

26. Plaintiff then took two approved days off of work in order for her to undergo a procedure in which her baby received lung injections while still in-utero.

27. On or about June 6, 2025, Plaintiff returned to work and promptly provided the doctor's note with accommodations to Human Resources, thereby requesting reasonable

4

accommodations and engaging in protected activity.

28.     Plaintiff began her shift as normal; however, very shortly thereafter a manager told Plaintiff that they could not accommodate her medical restrictions due to "insufficient space" in the cashier area.

29.     Defendant told Plaintiff that they had already found someone to replace her and forced her to leave work early.

30.     Despite being on the schedule for the rest of the week, Defendant then removed Plaintiff from the schedule entirely and was told to wait for a call from Human Resources- a clear act of retaliation for requesting reasonable accommodation.

31.     On or about June 13, 2025, Human Resources  informed Plaintiff  that she had been placed on unpaid leave and was barred from returning to work until further notice.

32.     Defendant entirely failed to engage in the interactive process to determine what accommodations would have been reasonable after Plaintiff requested reasonable accommodations.

33.     Since being placed on this forced, unpaid leave, Plaintiff has not received any communication from Defendant.

34.     In fact, Plaintiff has not heard anything from Defendant to this day.

35.     Therefore, Plaintiff has been left with no recourse than to assume that her employment was terminated in retaliation for engaging in protected activity and requesting reasonable accommodations for both her disability and pregnancy.

36.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment.

37. Plaintiff was retaliated against, and her employment was ultimately terminated for exercising her protected rights.

38. Plaintiff was targeted for termination because of her sex, pregnancy, disability, and request for accommodations.

39. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim, because Plaintiff notified the Defendant of her pregnancy and requested accommodations.

## COUNT I
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

40. Plaintiff repeats and realleges all previous paragraphs 1-39 as if fully set forth herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42. Defendant knew or should have known of the harassment.

43. The sex-based harassment was severe or pervasive.

44. The sex-based harassment was offensive subjectively and objectively.

45. The sex-based harassment was unwelcomed.

46. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life

## COUNT II
### Violation of the Illinois Human Rights Act, 775 ILCS5/
### (Sex-Based Harassment)

49. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally harassed Plaintiff based on Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

51. Plaintiff met or exceeded performance expectations.

52. Defendant knew or should have known of the sex-based harassment.

53. The sex-based harassment was severe or pervasive.

54. The sex-based harassment was unwanted or unwelcomed.

55. The sex-based harassment was offensive subjectively and objectively.

56. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

59. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's pregnancy in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

61. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

7

62.     Defendant was aware of Plaintiff's pregnancy and the need for accommodations.

63.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

64.     Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

65.     Defendant did not accommodate Plaintiff's pregnancy.

66.     Plaintiff is a member of a protected class under the PWFA, due to Plaintiff's sex (female) and pregnancy.

67.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life

## COUNT IV
### Violation of the Illinois Human Rights Act, 775 ILCS5/
### (Sex-Based Discrimination)

69.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

70.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

71.     Plaintiff met or exceeded performance expectations.

72.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

73.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

74.     Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

8

75.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

76.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

77.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

78.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex and/or pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

79.     Plaintiff met or exceeded performance expectations.

80.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

81.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

82.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex and/or pregnancy.

83.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

84.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

9

## COUNT VI
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

85. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

86. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, a high-risk pregnancy, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

87. Plaintiff met or exceeded performance expectations, as evidenced by the lack of negative performance remarks or writeups in their personnel file.

88. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

89. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

90. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

91. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

92. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

93. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

94. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

95. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

96. Plaintiff is a qualified individual with a disability.

97. Defendant was aware of the disability and the need for accommodations.

98. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

99. Plaintiff's reasonable accommodations that were requested- additional help with tasks and intermittent work from home- was not an undue burden on the Defendant.

100. Defendant did not accommodate Plaintiff's disability.

101. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

102. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

103. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT VIII
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

104. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

105. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et*

*seq.*

106. Defendant knew or should have known of the harassment.

107. The disability-based harassment was severe or pervasive.

108. The disability-based harassment was offensive subjectively and objectively.

109. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

110. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

111. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

112. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

113. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

114. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

115. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

116. In response to Plaintiff's request for accommodations, Defendant did not accommodate Plaintiff's disability.

117. Defendant also failed to engage in the interactive process to determine what

12

alternative accommodations would have been reasonable.

118.     Defendant then terminated Plaintiff after they requested reasonable accommodation.

119.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

120.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

121.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

122.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.     Back pay;

    b.     Payment of interest on all back pay and benefits recoverable;

    c.     Front pay;

    d.     Loss of benefits;

    e.     Compensatory and punitive damages;

    f.     Reasonable attorneys' fees and costs;

    g.     Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of September, 2025.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

14